CHIEF JUSTICE LINDSAY
delivered the opinion op the court.
There is no equitable issue involved in this action. It is an ordinary proceeding, and no reason existed why it should have been instituted in the chancery court, except that the defendant was a foreign corporation, and the plaintiff desired to reach and attach a fund in the hands of the receiver of said court.
The defendant discharged the attachment by the execution of the bond prescribed by section 242 of the Civil Code of Practice, and the cause might then, upon his motion, have been transferred to the court of common pleas. The defendant entered a motion to that effect, but afterward withdrew it and allowed the cause to be tried and determined by the chancellor.
*453 The conduct of the parties amounted in effect to the submission of the law and facts of an ordinary action to the chancellor, and thus of substituting him for the jury, which at the proper time either party might have demanded. This court has frequently held, in unpublished opinions, that under such circumstances the judgment of the chancellor, like the judgment of a circuit judge, to whom the law and facts of an ordinary action have been submitted, will be treated as the verdict of a properly instructed jury, and will not be reversed by this court, unless it is palpably against the evidence or manifestly not supported by it.
The plaintiff, an attorney at law, sued to recover the value of services rendered as such at the instance and request of the defendant.
That the services were rendered is expressly admitted; their alleged value is not questioned in the pleadings, but, independent of that fact, is abundantly proved.
That the plaintiff was employed is also admitted, but the authority of the party who assumed to employ him is expressly denied; and it is then alleged, by way of avoidance, that he violated the terms of the unauthorized employment by withdrawing from the causes he was engaged to prosecute before the litigation was terminated.
The original attorney for the defendant resided in Newport, Kentucky. The actions Woolley was engaged to prosecute were pending in the Louisville Chancery Court. It was desirable, if not actually necessary j that resident counsel should be employed. The services of Woolley were secured by Hallam, the original attorney of the defendants. The latter proves that he was authorized by the party who employed him to engage local counsel. This party was a director in the defendant corporation. He assumed to act as its agent in employing Hal-lam, the original counsel, and this employment has certainly been ratified and approved by the corporation. There is *454 nothing in the case to indicate that his agency in this regard was limited to the employment of a single attorney, and it may fairly be assumed that he had authority to engage the services of such counsel as might be reasonably necessary to prosecute the actions in the chancery court.
The employment of Woolley was reported by Hallam to this director, and it was made known to another agent of the corporation in Newport who had some connection with the litigation in question. This report was legal notice to the corporation of the fact of the employment, and the continued silence of the agent who engaged the service of Hallam amounted in law to the ratification by him, and through him by the corporation, of Hallam’s action in the premises.
Under such circumstances the defendant can not be allowed to accept the benefits of Woolley’s labor and escape the payment of a reasonable compensation therefor upon the idea that he was a mere volunteer.
Nor has the defendant the right to complain of Woolley’s withdrawal from the prosecution of the actions in the chancery court. He did not withdraw until after they had been fully argued and submitted to the vice-chancellor for final judgment. No further services could be rendered in the chancery court, and the proof does not show that Woolley was bound, or even had the right, further to represent the defendant in event the causes should be carried by appeal to this court. There was no substantial breach of contract in this respect by Woolley, even according to the evidence offered by the defendant.
We are of opinion that the evidence fully sustains the judgment of the chancellor. But even if we were in doubt as to that question we would not hesitate to hold that the judgment is not palpably or flagrantly wrong.
Judgment affirmed.