CASE 65—PLEADING, ARBITRATION—NOVEMBER 29, 1884.

## Whitlock v. Ledford.

### APPEAL FROM TRIGG CIRCUIT COURT.

1. In a suit to recover damages for trespass to land, it is competent for the defendant to set up title in himself, for the purpose of recovering the land.
2. Under an arbitration, at common law, either party may waive notice of the meeting of the arbitrators, or, having notice of the meeting, decline to be present.

3. The law and facts were submitted to the court, and the judgment must. be treated as the finding of a properly instructed jury.

W. F. SIMMS AND JNO. W. McPHERSON FOR APPELLANT.

1. A cross-petition is defined by the ninety-sixth section of the Civil Code..
2. A defendant is allowed a counter-claim against the plaintiff, but is not. allowed, in any case, to make his answer a cross-action against the. plaintiff, as was done in this case.
3. The court erred in its judgment upon the law and facts of the case.
4. The court called attention to a pleading to which an amendment was: refused. The amendment should have been allowed. (6 Ohio, 81;. Mount v. Tappy, 7 Bush; 15 B. Mon., 377; 13 Ib., 466.)
5. Appellant should not have been held to an arbitration, which he never attended and by which he never intended to be bound.

THOS. C. DABNEY FOR APPELLEE.

1. The court did not err in refusing the motion for a new trial, nor in re- fusing the amendment offered by appellant.
2. It was competent under the rules of pleading for the defendant to set up title to the land in controversy. - (Civil Code, section 96.) .
3. The arbitration was entered into between the parties, and if appellant did not choose to attend it, it was not the fault of appellee. (Bl.;. book 3, page 116; Parsons on Contracts, volume 2, pages 688, 815;. Ib., 5; Shackleford v. Puckett, 2 Mar., 438; 11 Bush, 69; Litt. Selected Cases, 264; 4 Mon. 47; 2 J. J. Mar., 48; 6 Dana, 65; 10 Bush, 451;. 13 Bush, 360.)

CHIEF JUSTICE HINES DELIVERED THE OPINION OF THE COURT.

This is an action for trespass to land, the plaintiff averring title in himself. The defendant denied title in the plaintiff, averred an arbitration and award by which it was determined that the title to the land in dispute was in the defendant, and alleged title in himself, and sought, by way of counter-claim, to recover of the plaintiff the whole tract of land in controversy. The court adjudged the title to be in the defendant, and that he recover of the plaintiff the land.

It is objected by appellant that such a counter-claim can not be set up in such an action.

Section 96, of the Code, says: "A counter-claim is a

cause of action in favor of a defendant against a plaintiff, or against him and another, which arises out of the contract or transaction stated in the petition as the foundation of the plaintiff's claim, or which is connected with the subject of the action."

The subject of the action is the land in controversy, and the foundation of plaintiff's claim is the asserted legal title to the land. The fact that the plaintiff seeks to recover damages for trespass, does not alter the character of the action from a direct proceeding to recover the land on the allegation of title, and in such a case there could be no doubt of the defendant's right to assert title in himself and have it so adjudged. The counter-claim asserted is clearly connected with the subject of the action.

Appellant further complains that the award of the arbitrators ought not to be held binding on him, because the final hearing was in his absence, without his knowledge, without his consent, and that he never received from the arbitrators a copy of the award.

The evidence in regard to the arbitration is, that it had been pending seven or eight months; there had been a partial hearing, a continuance because the arbitrators rejected the *exparte* affidavits of certain witnesses, by whom appellant offered to prove that appellee had stated that his purchase did not cover the land in controversy. The postponements were from time to time, in order to enable appellant to produce these witnesses before the arbitrators.

On the evening preceding the final action of the arbitrators, appellee testifies that he saw appellant and told him that he was going to town the next day to complete

the arbitration, and that appellant responded, "Go ahead and tell the arbitrators I will not be there." Two other witnesses who were present testify in substance the same.

Appellant, however, says that he told appellee to go on with his evidence before the arbitrators, and, as he could not go, to tell the arbitrators that he would introduce his evidence at some future day. Appellee notified the arbitrators that appellant would not be present, and that he authorized him to say that they might proceed to finding without his presence. Upon this statement the arbitrators considered the title papers before them, and the evidence previously heard, and adjudged that the title to the land was in appellee, and rendered an award in writing, which was delivered to appellee. Subsequent to the award, of which appellant in some way obtained information, appellant applied to the arbitrators to reconsider the case, as he had not intended or consented that they should proceed without hearing further evidence in his behalf, and the evidence shows that they promised to reconsider the matter and hear the evidence for appellant at any time, which was never done.

The arbitration was at common law, untrammeled by the provisions of the Code in reference to submission to arbitration under order of a court, and its sufficiency is to be determined by the rules applicable to common law arbitrations. Under such an arbitration a party might waive notice of the meeting of the arbitrators, or, having notice of the meeting, might decline to be present, and yet the award would be binding. In this case the law and the facts were submitted to the court

without a jury, and the judgment must, therefore, be treated as the finding of a properly instructed jury. In such a case, in ordinary, as this is, we could not reverse unless the evidence was flagrantly in conflict with the verdict of the jury or the judgment of the court. As to notice of the action of the arbitrators and waiver of the right of appellant to be present at the arbitration, the evidence, as substantially stated, preponderates in favor of the conclusion that appellant, having notice, waived his right to be personally present at the final action by the arbitrators. This appellant had the right to do in such a way as to bind him by the award, and that he did so is testified to by three witnesses in opposition to his own statement to the contrary. The court having the right to weigh the evidence, as a jury would have had, we are not authorized to disturb the judgment upon this ground.

In the absence of a stipulation in the written agreement of submission to arbitration, a formal notice to appellant of the award, which was in writing and delivered to appellee, was not necessary to render it binding upon appellant. Nor can the promise of the arbitrators, made subsequent to the award, to re-open the arbitration and hear other evidence for appellant, affect the award, as the power of the arbitrators to act in the matter ceased on the return of their award. After that they had no more authority to act than if they had never been selected to act in the first instance. (Morse on Arbitration and Award, pages 121 and 290; Lansdale v. Kendal, 4 Dana, 613.)

The judgment being sustained upon this issue, it is unnecessary to consider the question as to whether

there was fraud on the part of appellee in obtaining · the transfer from Lindsay, and in taking a conveyance for more land than he in fact purchased, as all these, questions were merged in and settled by the award.

Judgment affirmed.