CASE 103—PETITION EQUITY—NOVEMBER 22.

# Walker v. Leslie.

APPEAL FROM PIKE CIRCUIT COURT.

1. TRESPASS TO LAND—RES ADJUDICATA.—In an action for trespass to land, in which there was simply a denial of the alleged trespass, and no issue made as to title or boundary, a judgment dismissing an action in pursuance of a simple verdict for defendant can not be treated as conclusive of any other than the question whether defendant committed the particular acts complained of in the petition, although the instructions to the jury may be interpreted as requiring them to determine the actual location of a division line; but such a judgment is a bar to a subsequent action for the same trespass, although both the title and possession may be put in issue in such subsequent action.

2. A DISPUTE AS TO BOUNDARY between independent proprietors of adjoining lands does not constitute sufficient ground for interposition of a court of equity to ascertain and fix that boundary. To maintain such an action in chancery there must be some equitable

Walker v. Leslie.

ground attaching itself to the controversy. Those grounds are—first, confusion of boundary occasioned by fraud; second, a relation between the parties which makes it the duty of one of them to preserve and protect the boundaries, and that by his neglect or misconduct the confusion of boundaries has arisen; third, where an action in equity is necessary to prevent a multiplicity of suits.

An allegation that the defendant is "by fraud, force and violence attempting to change the division line" is not sufficient to authorize the interposition of the chancellor.

3. A COURT OF EQUITY MAY INTERFERE BY INJUNCTION IN CASE OF TRESPASS TO LAND when necessary to prevent irreparable mischief, or to suppress multiplicity of suits and oppressive litigation; but as those conditions do not exist in this case, and the sole contest is in regard to the true location of the division line, a motion to transfer to the ordinary docket should have been granted; but as no relief cognizable directly in a court of law is prayed in the petition, the plaintiff must, in order to recover, after the transfer is made, amend his petition, and pray for the specific relief to which he is entitled, which is damages for the alleged trespass.

R. T. BURNS, W. M. CONNOLLY FOR APPELLANT.

1. There was no equity in appellee's petition, and the court should have sustained appellant's motion to transfer to the ordinary docket. (Civil Code, sec. 10, subsec. 1; 1 Story's Equity, secs. 616, 620, 621, 622, 826, 859; Fraley v. Peters, 12 Bush, 469; Scott, &c., v. Means, 80 Ky., 460.)

2. The court erred in rejecting appellant's plea of former adjudication. Though the particular matter may not have been necessarily involved in the former litigation, yet if the issues in that case were broad enough to cover it, and it actually arose therein, that fact may be shown by parol evidence, and the former adjudication thus be made a bar. (Robinson, &c., v. Sutton, &c., 2 A. K. M. 304; Hanley v. Foley, 18 B. M., 519; 1 Greenleaf on Evidence, sec. 534; Wells on Res Adjudicata and Stare Decisis, secs. 3, 6, 12, 201, 202, 286–7, 297, 304, 315, 316, 339, 338, 347, 368; Bigelow on Estoppel, pp. 75, 81, 152–3, 188–9, 673; King v. Chase, 15 N. H., 9.)

If the matter in litigation appear to be *res adjudicata*, the court will enforce the bar, even though it is not pleaded. (Marsh v. Pier, 4 Rawle, 288, 289; 1 Greenleaf on Evidence, note 4 to sec. 531, p. 565.)

3. Upon the original merits of the controversy the judgment is wrong.

L. T. MOORE, STEWART & STEWART FOR APPELLEE.

1. The court had jurisdiction to grant the relief prayed for. (Landrum v. Farmer, 7 Bush, 46; Kincaid v. McGowan, &c., 9 Ky. Law Rep.,

Walker v. Leslie.

987; Dudley v. Trustees of Frankfort, 12 B. M., 610; 2 Stanton's Rev. Stats., 102.)

The petition states facts sufficient to give a court of equity jurisdiction, and a transfer of the case to the ordinary docket would have been erroneous.

2. The former adjudication is not a bar. The question of title was not necessarily tried and determined in the former suit, and the jury may never have considered it. (Dumford's succession, 1 La. Ann., 93; Packet Co. v. Sickles, 5 Wall., 592; Duchess of Kingston's Case, 2 Smith's L. C., 605; Sawyer v. Woodbury, 7 Gray, 502; Gilbert v. Thompson, 9 Cush., 348; Wells' Res. Ad. St. Dec., sec. 206, citing Standish v. Parker, 2 Pick., 21; Fogg v. Plummer, 16 N. H., 115; Jackson v. Wood, 3 Wend., 36; s. c., 22 Am. Dec., 603; Lawrence v. Hunt, 25 Am. Dec., 539; Haight v. Keokuk, 4 Clarke, 207; Fulton v. Hanlon, 20 Cal., 485; Burlen v. Shannon, 99 Mess., 202; Dickinson v. Hayes, 31 Conn., 423; Hargus v. Goodman, 12 Ind., 629; Mallett v. Foxcroft, 1 Story, C. C., 476; King v. Chase, 15 N. H., 15; Touns v. Mimms, 5 N. H., 263; Lee v. Green, 10 Ky. Law Rep., 308; Crabb v. Larkin, 9 Bush, 165; Civil Code, sec. 125.)

3. Where there is an ambiguity in a deed, the construction of the parties to the deed should exercise a controlling influence, and should be conformed to and carried out. (Thompson v. Thompson, 2 B. M., 167; District of Columbia v. Gallaher, 8 Sup. Ct. Rep., 585; Central Trust Co. v. Wabash, St. L. & P. R. Co., 34 Fed. Rep., 254; Chicago v. Sheldon, 9 Wall., 54; Robinson v. United States, 13 Wall., 363; Topliff v. Topliff, 122 U. S., 121.)

JAMES M. YORK ON SAME SIDE.

1. Subsection 2 of section 125 of the Civil Code of Practice has changed the common law rule that permitted parol evidence to show upon which issue the jury acted; but even if the common law rule was in force, it would have no application to this case, as there was but one issue—trespass or no trespass.

2. The petition states a cause of action, and the injunction was properly granted. (Kincaid, &c., v. Magowan, &c., 6 Ky. Law Rep., 102; Ellis v. Wren, 8 Ky. Law Rep., 285; Musselman v. Marquis, 1 Bush, 463.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellee states in his petition substantially that he is the owner and in possession of a tract of land, and adjoining it is a tract of which appellant is owner and in possession, title to each being derived from a com-

mon vendor; that appellant is, by fraud, force and violence, attempting to change the division line and get possession of about ten acres of appellee's tract; has opened the fence on that line, hauled timber from appellee's side of it, and prevented him repairing the fence or cultivating the ten acres; and that he, appellant, is giving out in speeches he is the owner, with fraudulent intent and purpose to confuse the boundary line between them and keep appellee from enjoying and using said land. The relief prayed for is judgment perpetually enjoining appellant entering on or disturbance of the land in dispute; establishing the division line as described in the petition and claimed by appellee; quieting his title and possession, and all other proper relief.

Appellant, in his answer, denies the trespass and wrongs as alleged, and the fraudulent purpose to change or confuse the division line between the two tracts. In the second paragraph he denies the line described in the petition is the true division line, and says he, not appellee, is owner of the ten acres; and in the third paragraph he states that before commencement of this action recovery for the same alleged trespass was sued for, and the same issue here made was tried and determined in his favor by verdict of a jury and judgment of court in an action where appellee was the plaintiff and appellant defendant. And judgment in that is pleaded in bar of recovery in this action.

Appellant, at the time of filing his answer, made a motion to transfer the action to the ordinary docket, which was overruled; but a motion by appellee to

strike out the material allegations of the third paragraph of the answer, which had the same effect as a general demurrer, was sustained.

It was stated by the plaintiff in his petition, as cause of the previous action, referred to in the third paragraph, that he was owner and in possession of the same ten acres now in controversy, and that the defendant thereto, unlawfully, with force and arms, entered and tore down and removed a portion of his fence, by reason of which he was deprived of use of said land, and sustained damage in the sum of one hundred dollars, for which judgment was prayed.

The answer contained simply a denial of the alleged trespass. Consequently, no issue involving either title or boundary of the land was made, or could have been legally tried and determined in that action, which was in the nature of an action of trespass *quare clausum fregit*. For though the plaintiff is alleged in his petition to be owner, he, having undisputed possession to a described line, might have just as effectively, if at all, maintained the action without as with title. It is true one of the instructions given by the court on trial may be reasonably interpreted as requiring the jury to determine the actual location of the division line between the two tracts, and to find for the plaintiff or defendant, according to their belief from the evidence, as to such location. But as the defendant did not in his answer deny existence of that line as described in the petition, nor set up any claim of title to or possession of the land upon which he was alleged to have unlawfully entered, he was not entitled to a verdict upon any other than the single

issue made by the pleadings; nor can the judgment dismissing the action in pursuance of a simple verdict for the defendant be treated as conclusive of any other than the question whether the defendant committed the particular acts complained of in the petition.

Section 6, Civil Code, provides: "1. An action of which courts of chancery had jurisdiction before the first day of August, 1851, may be equitable; and actions of which such jurisdiction was exclusive must be equitable. 2. All other actions must be ordinary." It has, however, been held by this court that when a purely legal action is brought and prosecuted in equity, without objection, the same weight will be given, on appeal from the judgment of the chancellor, to his finding of facts, as would have been given to the finding of a jury correctly instructed. (C. & St. L. R. Co. v. Woolley, 12 Bush, 451.) But the motion to transfer this action to the ordinary docket was equivalent to an objection to trial of it by the chancellor, and appellant is, therefore, entitled, as a matter of right, to reversal of the judgment, if that motion was overruled erroneously.

Fraley v. Peters, 12 Bush, 469, like this, was a case of controversy between owners of two adjoining tracts of land in regard to their boundary line, and, except no charge of fraud was there made, similar acts of the defendant were complained of in the plaintiff's petition, and the same relief was prayed for as here. No motion was in that case made to transfer to the ordinary docket, and the judgment establishing the line as claimed by the defendant was, on appeal, affirmed under operation of the rule mentioned, to

treat the finding of facts by the chancellor like the verdict of a jury. But it was held that the trespasses alleged to have been committed were properly cognizable only in a court of law, and the dispute concerning boundary presented no ground whatever for intervention of the chancellor.

It seems to be a well settled rule, approved by this court in the case referred to and others, that existence of a controverted boundary between independent proprietors of adjoining lands by no means constitutes a sufficient ground for interposition of a court of equity to ascertain and fix that boundary, such cases being left to the proper redress at law. And to maintain such action in chancery there must be some equitable ground attaching itself to the controversy. Those grounds are: 1. Confusion of boundary occasioned by fraud; 2. A relation between the parties which makes it the duty of one of them to preserve and protect the boundaries, and that by his neglect or misconduct the confusion of boundaries has arisen; 3. When an action in equity is necessary to prevent a multiplicity of suits. (1 Story's Equity, secs. 619–21.)

It is not in terms or effect stated by appellee in his petition that appellant has fraudulently or otherwise changed the actual boundary line between their respective tracts of land; for the allegation he is "by fraud, force and violence attempting to change the division line," fairly construed, means merely that he is asserting that line to be at a location different from that claimed by appellee, and by force has entered upon and attempted to take possession of the land in dispute. There is no relation between the

parties making it the duty of appellant to preserve
and protect the boundary, by neglect of which, or
misconduct on his part, a confusion of boundary has
arisen. No necessity is shown for interference of a
court of equity to prevent multiplicity of suits, nor
is there, in legal contemplation, a confusion of bound-
ary between them. But as said in Fraley v. Peters,
this is an ordinary case of dispute between inde-
pendent proprietors of adjoining lands, which may
be settled by a single suit at law. A court of equity
may interfere by injunction in case of trespass to land
when necessary to prevent irreparable mischief, or to
suppress multiplicity of suits and oppressive litigation
(2 Story's Equity, sec. 928), or where there are repeated
trespasses by an irresponsible party, and there is no
adequate remedy at law. (Musselman v. Marquis, 1
Bush, 463; Ellis v. Wren, 84 Ky., 255.)

But those conditions do not exist in this case. On
the contrary, adequate remedy for the acts complained
of in the petition can be afforded by an action ordi-
nary ; hence, no necessity existing for resort to a court
of equity, it has no jurisdiction to grant the specific
relief by injunction prayed for ; nor has it, for the
reasons already stated, jurisdiction to establish the
division line described in the petition. It is equally
without jurisdiction to quiet the title and possession
of appellee, as prayed for, for the reason no question
of title is properly involved, the contest being solely
in regard to the true location of the division line,
which, as well as question of possession, may be deter-
mined by action at law. It thus follows the lower
court erred in overruling the motion of appellant to

transfer the action to the ordinary docket, and also in sustaining the motion to strike out the material allegations of the third paragraph of the answer, which is, in tenor and effect, a plea *res judicata*.

But when the transfer is made there will, in the present state of the pleadings, be two obstacles to recovery by appellee: first, no relief cognizable directly in a court of law is prayed in the petition; second, former adjudication and determination in favor of appellant of the alleged trespass. It will, therefore, become necessary, before appellee can succeed in this action, that his petition be so amended as to contain, what is by section 90 of the Civil Code made an indispensable requisite, a prayer for the specific relief he may be entitled to, which is damages for the alleged trespass. And then he will fail if commission of the identical acts now complained of was made an issue, and determined in favor of appellant in the former action. For while the title, as well as possession of the land, may, in an action of trespass *quare clausum*, be incidentally put in issue, and has in this action been done by the second paragraph of the answer of appellant, still to maintain such action the alleged trespass must be shown, when denied, to have been committed, and if the issue in respect thereto has been once tried and determined, another action for the same cause can not be maintained. For a party, though having clear title to and actual possession of the land, can not maintain an action against another for alleged acts of trespass thereon never committed by him.

Wherefore, the judgment is reversed, and cause remanded for further proceedings consistent with this opinion.