## Cumberland Grocery Company v. Harwood-Barley Manufacturing Company.

(Decided April 25, 1919.)

### Appeal from Adair Circuit Court.

1. Courts—Jurisdiction—Process.—Service of summons on a representative of defendant held sufficient to give the court jurisdiction.

2. Sales—Warranty.—Where a manufacturer or dealer contracts to supply an article manufactured or produced by him, or in which he deals, to be applied to a particular purpose, and the buyer trusts in his judgment or skill, there is an implied warranty that it shall be reasonably fit for the purpose to which it is to be applied.

3. Sales—Warranty.—Warranty of suitability, independent of any express representation of the seller, attaches by implication of law where the purchaser communicated to the seller the use for which the article is intended.

4. Appeal and Error—Finding of Chancellor.—When a purely legal action is brought and prosecuted in equity without objection, upon appeal from the judgment of the chancellor this court will give to his finding on the facts the same weight as would be given to the verdict of a properly instructed jury.

5. Judgment—Conclusiveness.—The conclusiveness and effect of a judgment in a common law or equitable action upon appeal stated in the opinion.

MONTGOMERY & MONTGOMERY and O. H. WADDLE & SON for appellant.

JONES & GARNETT for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

Appellant (defendant below) was engaged in the wholesale grocery business at different points in the state. Wagons, drawn by horses, had been used in the delivery of its goods, to customers, and these it decided to replace with motor vehicles.

Four motor trucks were purchased from appellee, under a twelve months' guarantee. The nature, effect and extent of this guarantee is the question presented for our decision. Suit was filed upon an account of $1,509.49 for supplies furnished. Appellant denied liability on the account and by way of counterclaim sought damages against appellee because of alleged defects in the trucks, loss of time, loss of business, expenses incurred, etc.

Appellant contends: (1) The lower court was without jurisdiction to try the case; (2) the final judgment is not responsive to the issues made by the pleadings; (3) that appellee represented and guaranteed the trucks to be perfect in workmanship and material, and suitable for the work for which they were sold; (4) that the items covered by the account were made necessary by the defects and inefficiency of the trucks, and (5) that so much of the account as is embraced in the first paragraph of the petition was settled February 10, 1913, when the last two trucks were purchased.

Appellee contends: (1) The sale was made under the year's guarantee contained in its catalogue, viz.: to replace parts giving out under normal service in consequence of defective material or workmanship, and no warranty was made or authorized to be made by the company other than as set forth in the catalogue; (2) there were no defects in the repair parts, and the items required by appellant were caused by negligence and incompetency in the use of the trucks.

Though involving a legal issue only, the petition in this action was filed in equity. Proof was taken, and on final submission the court rendered judgment for appellee for $1,111.77, certain credits having been allowed as commissions. There is proof in abundance supporting the contentions of both parties. As to the lower court's jurisdiction, service of summons was had on one Taylor, as the agent of appellant, and the question is raised as to the sufficiency thereof. Though this agency is denied, one of appellant's witnesses testifies that Taylor "was the company's man" and the lower court held it had jurisdiction and in so doing we cannot say the court erred.

Although the court may not have jurisdiction of the person of a litigant, if it has jurisdiction of the subject matter, and the litigant appeals to this court it thereby enters its appearance to the action, and when the judgment of the lower court is reversed for further proceedings said litigant will be before the lower court for all purposes of the action.

A reversal on this latter ground alone would not avail appellant, however, for we are of the opinion no reversal for want of jurisdiction should be ordered.

It is contended the judgment is based upon an agency contract filed with the petition, reliance upon which was abandoned in subsequent pleadings. An examination of

these pleadings carries with it the conviction they are sufficient to support the judgment.

The disposition of the remaining grounds depends upon the effect to be given to the findings of the chancellor.

"Where a manufacturer or dealer contracts to supply an article which he manufactures or produces, or in which he deals, to be applied to a particular purpose, so that the buyer necessarily trusts to the judgment or skill of the manufacturer or dealer, there is in that case an implied warranty that it shall be reasonably fit for the purposes to which it is to be applied." Benjamin on Sales, sec. 988.

This warranty of suitability, independent of any express representation of the seller, attaches by implication of law where the purchaser communicates to the seller the use for which the article is intended.

In International Harvester Co. v. Bean, 159 Ky. 842, the court held that an express stipulation against all warranties implied by law will not be given effect unless fairly made as a part of the contract of sale. See also International Harvester Co. v. Brown, 182 Ky. 435.

That appellee's representatives expressly promised and warranted the trucks to be fit for appellant's purposes, is borne out by their proof. But on this point, as well as on every issue in the case, the proof is conflicting. Many witnesses have testified on each side—the case has been well prepared. An ex-employe of appellant testifies in behalf of appellee, while certain of appellee's witnesses are confronted with letters written by them, containing statements directly opposed to their testimony. It is in evidence that appellant's president was shown a catalogue containing the only guarantee under which the trucks were sold—this he denies—and so might many similar instances be cited. It is clear appellant had a great deal of trouble with the trucks; their maintenance was costly and the service unsatisfactory. Appellee claims this was due to misuse, negligence, overloading, speeding and recklessness. The two smaller trucks were purchased in November, 1912; the two larger ones in February, 1913.

Appellant says there was an adjustment of their differences in February, 1913, when its president and manager visited appellee's factory in Marion, Indiana, and in consideration of the settlement then made, and the re-

newed promise and agreement on the part of appellee to see that the first two trucks gave satisfaction, appellant bought two other trucks.

Appellee denies any such agreement, other than an allowance of a credit of $75.00, its theory being the first trucks had made good, and rendered efficient service, and this led to the purchase of the larger and more expensive cars.   There is an irreconcilable conflict in the evidence.

The conclusiveness or effect of a verdict or judgment upon appeal may thus be succinctly stated:

1.   Judgment entered pursuant to the verdict of a properly instructed jury will not be disturbed unless found to be palpably or flagrantly against the weight of the evidence.

2.   Where in a common law action the law and facts are submitted to the court its findings of fact will be given the same effect as the verdict of a properly instructed jury.

3.   In an equity suit where the evidence is conflicting and questions of fact, by reason thereof, difficult of solution, if, upon a consideration of the whole case, the mind is left in doubt as to the correctness of the judgment, the findings of the chancellor will not be disturbed.

4.   Where a distinct legal issue is presented in an equitable action, the verdict of a jury thereon is conclusive and will not be disturbed unless flagrantly against the evidence.

5.   Where the action is purely equitable and the issue of fact has always been of equitable cognizance, the verdict of the jury is advisory only, and the chancellor may disregard the verdict and enter judgment in conformity with his view of the weight of the evidence.

6.   Where a verdict on a legal issue in an equity suit in which the parties were entitled to a jury trial is sustained both by the common law judge who tries the issue and by the chancellor to whom the verdict is certified, it will not be set aside on appeal, unless substantial error to the prejudice of the defeated party was committed.

7.   When a purely legal action is brought and prosecuted in equity without objection, upon appeal from the judgment of the chancellor this court will give to his finding on the facts, the same weight we would have given to the verdict of a properly instructed jury.   Inter-Sou. Life Ins. Co. v. Cooke, 183 Ky. 109; Bacon v. Dabney, 183 Ky. 193; L. & N. R. R. Co. v. Tuttle, 180 Ky. 558;

Morawick, et al. v. Martineck's Gdn., &c., 128 Ky. 155; Fraley v. Peters, 12 Bush 469.

Fraley v. Peters, *supra,* was a case in which an ordinary action was brought in equity, and though this court inclined to the opinion that the evidence preponderated in favor of appellant, we declined to reverse on the ground that having been an ordinary action in everything except in name it must be treated as if it also had the name.

To the same effect is P. C. C. & St. L. Ry. Co. v. Wolley, 12 Bush 451, wherein it is held that the conduct of the parties in bringing an ordinary action in equity, in effect, amounted to the submission of the law and facts of an ordinary action to the chancellor and thus of substituting him for the jury, which at the proper time either party might have demanded.

This is an ordinary action filed in equity, and while we might feel, upon a review of the whole case, that the evidence preponderates in favor of appellant we cannot say the judgment is flagrantly or clearly against the weight of the evidence, and since we must treat the judgment as we would the verdict of a properly instructed jury, the evidence considered, the judgment will have to be affirmed.