## Cheatham v. Terrell, et al.

(Decided April 20, 1923.)

### Appeal from Nelson Circuit Court.

1. **Principal and Surety—Surety's Liability not Affected by Fraud as to Him of Principal.**—Fraud practiced by the principal alone upon the surety will not affect the latter's liability, as the creditor is under no duty to ascertain whether the surety has been misled.

2. **Principal and Surety—Misrepresentation by Creditor or by Principal in Creditor's Presence Defeat Liability of Surety.**—The surety must be treated with the utmost good faith, and, if the creditor, or the principal in his presence, misrepresents or conceals any material fact from the surety, and thereby induces the surety to execute a contract that he otherwise would not have executed, the contract is voidable at the option of the surety.

3. **Appeal and Error—Findings by Trial Court in Law Case Have Effect of Verdict.**—Where legal issues were submitted to the trial court, and the witnesses were heard orally, the court's findings must be given the same weight as the verdict of a properly instructed jury, and should not be set aside unless palpably against the evidence.

4. **Principal and Surety—Evidence Held to Sustain Finding of Fraud Which Defeated Surety's Liability.**—Evidence heard orally by the trial court held sufficient to sustain his finding that the plaintiff and the principal debtor in plaintiff's presence made misrepresentations and concealments as to material facts which defeated the surety's liability.

FULTON & FULTON for appellant.

JOHN A. FULTON for appellees.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

This is an appeal from a judgment of the Nelson circuit court discharging L. A. Terrell from liability as surety on a note given to George Cheatham for $15,694.20,

executed January 10, 1920, and due March 1, 1920, subject to a credit of $2,700.00 paid July 12, 1920.

The note was originally executed by W. J. Terrell, Jr., for the balance due on a farm of 210 acres that he had purchased. George Cheatham had purchased the farm from E. T. Shields, and as a part of the purchase price had assumed the payment of two lien notes aggregating $7,370.00 and had executed his notes to Shields for $12,-435.80, which constituted a second lien on the land. Cheatham sold the land to W. J. Terrell, Jr., in the latter part of 1918, but did not execute a deed therefor until January 10, 1920. Terrell made a cash payment on the land and assumed the payment of the prior liens, amounting to $19,-805.80, with interest. For the residue of the purchase price he executed his note for $15,694.20, due March 1, 1920, which was a third lien on the land but inferior to the two prior liens referred to. When the latter note became due, Terrell was unable to pay it, and Cheatham, recognizing the fact that farming lands had depreciated in value, threatened foreclosure proceedings if additional security was not given. On March 20, 1920, appellee, L. A. Terrell, signed the note as surety upon Cheatham's agreeing not to sue on it but to give the maker additional time in which to pay it. On January 27, 1921, this suit was filed against W. J. Terrell, Jr., and L. A. Terrell. It was alleged that the former was insolvent. The holders of the two prior liens were made parties defendant. The plaintiff asked for a sale of the land, that so much of the proceeds thereof as necessary be applied to the payment of the prior liens, the balance to the payment of his debt, with interest and costs, and for judgment against L. A. Terrell for any unpaid balance.

L. A. Terrell set up three separate defenses: First, that he was induced to sign the note as surety on the faith of the representations made to him by W. J. Terrell, Jr., in the presence and hearing of plaintiff, that the lien notes on the place, including the note in controversy, amounted to $30,000.00, whereas they amounted to more than $36,000.00; second, that it was falsely represented to him by plaintiff and by W. J. Terrell, Jr., in plaintiff's presence and hearing, that there had been placed in the hands of plaintiff a note of the value of $5,000.00 as security for the payment of the note sued on, whereas the collateral note did not exceed in value $2,700.00; third, that it was falsely represented to him by plaintiff and by W. J. Terrell, Jr., in plaintiff's presence and hear-

ing, that the liens against the land were of equal dignity, whereas the note signed by him was secured by a lien subordinate to the other lien notes. These affirmative defenses were put in issue. Proof was heard, the law and facts submitted to the judge of the Nelson circuit court, and judgment was rendered releasing defendant from liability as surety on the note.

The parties agree that the extending of the time of payment was a sufficient consideration for the signing of the note by appellee. But it is contended for appellant that on the issues of fact the judgment is wholly unauthorized.

The record does not show what, if anything, occurred between appellee and W. J. Terrell, Jr., prior to their meeting with appellant at the bank at Bloomfield, where appellee signed the note. The testimony is conflicting as to what occurred at that meeting. Appellee testified to representations made by appellant and also by W. J. Terrell, Jr., in the presence of appellant, conformable to the averments of his answer, i. e., it was represented to him that the lien notes amounted to only $30,000.00, that the note that he was signing was secured by a collateral note of the value of $5,000.00, and that all of the liens were of equal dignity. W. J. Terrell, Jr.'s evidence on these points is indefinite. In certain particulars he corroborated appellee and in others appellant. Appellee's testimony indicates that he signed the note reluctantly and was induced to do so by reason of the representations which he said were made to him by appellant or by W. J. Terrell, Jr., in appellant's presence. Appellant's testimony is to the effect that no misrepresentations were made to appellee and that he was conversant with all the facts.

It is the settled rule that fraud practiced by the principal alone upon the surety will not affect the latter's liability, as the creditor is under no duty to ascertain whether the surety has been misled. But it is also true that the surety must be treated with the utmost good faith, and if the creditor, or the principal in his presence, misrepresents or conceals any material fact from the surety, and thereby induces the surety to execute a contract of suretyship that he otherwise would not have executed, the contract is voidable at the option of the surety. Hubble v. First National Bank of Stanford, 9 Ky. Law Rep. 766; Graves, etc. v. Lebanon National Bank, 10 Bush 23; First National Bank of Stanford v. Mattingly,

92 Ky. 650; Belleview Loan & Bldg. Assn. v. Jeckel. etc., 104 Ky. 159; Gano v. Farmers Bank, etc., 103 Ky. 508; 32 Cyc., page 59; and R. C. L., vol. 21, page 989.

Counsel for appellant recognizes the soundness of the doctrine announced in the authorities just cited, but insists that it has no application to the facts of this case. We have briefly referred to the evidence, some of which shows that there was not only concealment but also misrepresentation of material facts that induced appellee to sign the note. The issues were legal, but they were submitted to the trial court. The witnesses were heard orally, and the court's finding must be given the same weight as the verdict of a properly instructed jury. It should not be set aside unless palpably against the evidence. P. C. & St. L. R. R. Co. v. Woolley, 75 Ky. 453; Moore v. Estes, 79 Ky. 283; Whitlock v. Redford, 82 Ky. 393; Walker v. Leslie, 90 Ky. 647; Louisville, etc., Ry. Co. v. Taylor, 96 Ky. 248. Were the questions at issue presented to us as an original proposition, we might find difficulty in arriving at a satisfactory conclusion. But the trial court saw the witnesses, heard them testify, and concluded that appellee had sustained the burden of his defense. We are unable to reach a different conclusion.

The judgment is affirmed.